IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, JOSEPH CHARLES LOHFINK, SUE BEAVERS, RODOLFOA REL, and HAZEL REED THOMAS, on behalf of themselves and other similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:14CV447-LG-RHW |
| SINGING RIVER HEALTH SERVICES FOUNDATION, et al. | DEFENDANTS |

AND

| | |
|---|---|
| REGINA COBB, SUSAN CREEL, and PHYLLIS DENMARK, on behalf of themselves and others similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV1-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

AND

| | |
|---|---|
| MARTHA EZELL LOWE, individually and on behalf of a class of similarly situated employees | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV44-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

MEMORANDUM OPINION AND ORDER CONCERNING
THE PLAINTIFFS' MOTIONS TO CONSOLIDATE
<u>ACTIONS AND APPOINT LEAD COUNSEL</u>

**BEFORE THE COURT** are the following Motions filed in cause number 1:14cv447-LG-RHW: (1) the Motion [44] for a Stay of Claims or, in the alternative, to Consolidate Actions and Appoint James R. Reeves, Jr., as Interim Lead Counsel filed by Thomas Jones, Joseph Charles Lohfink, Sue Beavers, Rodolfoa Rel, and

Hazel Reed Thomas (hereafter collectively referred to as "the Jones plaintiffs"); and (2) the Motion [46] to Consolidate Actions and Appoint Branstetter, Stranch & Jennings, PLLC, as Interim Lead Counsel and the Law Offices of Dustin Thomas as Interim Liaison Counsel filed by Regina Cobb, Susan Creel, and Phyllis Denmark (hereafter collectively referred to as "the Cobb plaintiffs"). Also before the court is the Motion [22] to Consolidate Actions and Appoint Interim Lead Counsel and Liaison Counsel filed by the Cobb plaintiffs in cause number 1:15cv1-LG-RHW. The Motions have been fully briefed by the parties.

After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion for a Stay filed by the Jones plaintiffs and the Motion to Appoint Branstetter, Stranch & Jennings, PLLC, as Interim Lead Counsel and the Law Offices of Dustin Thomas as Interim Liaison Counsel filed by the Cobb plaintiffs should be denied. The Court further finds that the Motions to Consolidate Actions and the Motion to Appoint James R. Reeves, Jr., as Interim Lead Counsel should be granted.

## BACKGROUND

Three putative class action lawsuits – Jones, Cobb, and Lowe – have been filed as a result of the alleged under-funding of the Singing River Health System Employees' Retirement Plan and Trust.

### I. The Jones Lawsuit

The Jones plaintiffs filed their original Complaint on December 11, 2014. They later filed two amended complaints. The Second Amended Complaint names

the following defendants:

> Singing River Health Services Foundation, Singing River Health System Foundation, Singing River Hospital System Foundation, Inc., Singing River Hospital System Employee Benefit Fund, Inc., Singing River Hospital System, Transamerica Retirement Solutions Corporation, KPMG, LLP, Singing River Health System, Michael J. Heidelberg, Michael D. Tolleson, Tommy Leonard, Lawrence H. Cosper, Morris G. Strickland, Ira Polk, Stephen Nunenmacher, Hugo Quintana, Allen Cronier, Martin Bydalek, William Descher, Joseph Vice, Eric Washington, Marva Fairley-Tanner, Gary C. Anderson, Stephanie Barnes Taylor, Michael Crews, and Paul Grayson Carter, Jr.

(Jones 2d Am. Compl., ECF No. 76). The Jones plaintiffs bring their lawsuit on behalf of themselves and the following class:

> Any and all current and former employees of Singing River Health System hired full time before October 1, 2011, who contributed to the Plan and who, by law and/or contract, were entitled to receive contributions paid by their employer, but who did not. Excluded from the Class are fiduciaries of the Plan, including the individual Defendants.

(Jones 2d Am. Compl., ECF No. 76). The Jones plaintiffs attempt to assert the following claims: Contracts clause claims filed pursuant to the United States Constitution and Mississippi Constitution; Takings Clause claims filed pursuant to the United States Constitution and Mississippi Constitution; Section 1983 claims filed against the individual defendants in their official capacities; a breach of contract claim; an accounting claim; a declaratory judgment claim; a claim for injunctive relief; claims of fraud, intentional fraudulent misrepresentation, and deceit filed against KPMG, Transamerica, and the individual defendants in their individual capacities; claims filed pursuant to ERISA; a breach of fiduciary duty

claim; a claim for specific performance; a constructive trust claim; a claim filed pursuant to the Mississippi Uniform Trust Code; an equitable estoppel claim; a promissory estoppel claim; a Section 1983 conspiracy claim against KPMG, Transamerica, and the individual defendants in their official capacities; and negligence and professional malpractice claims filed against KPMG and Transamerica. On May 7, 2015, the Jones plaintiffs voluntarily dismissed the following defendants: Hugo Quintana, Stephen Nunenmacher, Martin Bydalek, William Descher, Joseph Vice, and Eric Washington.

## II. The Cobb Lawsuit

On January 5, 2015, the Cobb plaintiffs filed their lawsuit against the following defendants:

> Singing River Health System, the Board of Trustees for the Singing River Health System, Michael J. Heidelberg, Michael D. Tolleson, Allen L. Cronier, Tommy L. Leonard, Lawrence H. Cosper, Morris G. Strickland, Ira S. Polk, Stephen Nunenmacher, Hugo Quintana, Marva Fairley-Tanner, William S. Descher, Joseph P. Vice, Martin D. Bydalek, Eric D. Washington, G. Chris Anderson, and Kevin Holland.

The named plaintiffs have defined their proposed class as: "All persons who have been members of the Singing River Health System Employees' Retirement Plan and Trust at any time since October 1, 2007. Excluded from the Class are Defendants." (Cobb Compl. at 14, ECF No. 1). Their Complaint attempts to assert the following claims: violation of the Contract Clause of the United States Constitution, violation of the Due Process Clause of the United States Constitution, violation of the Takings Clause of the United States Constitution, claims filed pursuant to ERISA,

-4-

breach of contract, equitable estoppel, promissory estoppel, constructive trust, and fraud.

### III. The Lowe Lawsuit

On February 18, 2015, Martha Ezell Lowe, acting on behalf of herself and others similarly situated, filed her lawsuit against the following defendants:

> Singing River Health System, Transamerica Retirement Solutions Corporation, KPMG, LLP, Gary Anderson, Michael Crews, Michael Tolleson, Stephanie Barnes Taylor, Morris Strickland, and Tommy Leonard.

The class is defined as: "All current and former employees of Singing River Health System who participate in the Singing River Health System Retirement Plan and have a non-forfeitable right to an accrued benefit." (Lowe Compl. at 7, ECF No. 1). Lowe's Complaint purports to assert the following claims: breach of fiduciary duty, co-fiduciary/trustee breach, breach of contract, and knowing participation in and/or aiding and abetting a fiduciary breach.

## DISCUSSION

The Jones plaintiffs have filed a Motion for a Stay of Claims or, in the alternative, to Consolidate Actions and Appoint James R. Reeves, Jr., as Interim Lead Counsel. The Cobb plaintiffs have filed Motions to Consolidate Actions and Appoint Branstetter, Stranch & Jennings, PLLC, as Interim Lead Counsel and the Law Offices of Dustin Thomas as Interim Liaison Counsel.

### I. The Motion for a Stay of Claims

The Jones plaintiffs ask the Court to stay the Cobb lawsuit pursuant to the first-to file rule.[1] "Under the first-to-file rule, when related cases are pending before two federal courts, the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap." *In re Spillman Dev. Grp., Ltd.*, 710 F.3d 299, 307 (5th Cir. 2013). Application of the first-to-file rule is committed to the discretion of the district court. *Int'l Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 677 (5th Cir. 2011). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

The policies behind the first-to-file rule apply equally to cases where related cases are pending before two different judges in the same district court. *See id.* However, there is no need to impose the rule where, as here, the cases are pending before the same judge. This is particularly true since courts typically transfer the latter-filed case to the court or judge handling the first-filed case. *See, e.g., Spillman*, 710 F.3d at 307; *Save Power*, 121 F.3d at 950 ("Regardless of whether or not the suits here are identical, if they overlap on the substantive issues, the cases would be required to be consolidated in . . . the jurisdiction first seized of the issues."). Furthermore, the concern of inconsistent, duplicative, or piecemeal rulings is removed when both cases are pending before the same judge. As a result,

---

[1] The Lowe lawsuit was filed after the Motion to Stay was filed.

the Motion to Stay filed by the Jones plaintiffs is denied.

## II.  The Motions to Consolidate Actions

Pursuant to Fed. R. Civ. P. 42(a), actions that involve a common question of law or fact may be consolidated.  Courts have "broad discretion" when considering whether consolidation should be ordered.  *Mills v. Beech Aircraft Corp., Inc.*, 886 F.2d 758, 761-62 (5th Cir. 1989).  The primary consideration, aside from the existence of common questions of law or fact, is whether consolidation would prevent delay or the expenditure of unnecessary costs.  *Id.*  Courts may invoke Rule 42(a) sua sponte.  *Miller v. U.S. Postal Serv.*, 729 F.2d 1033, 1037 (5th Cir. 1984).

The facts underlying the Jones, Cobb, and Lowe class action lawsuits are identical.  Furthermore, all of the lawsuits present the issue of whether the defendants breached their fiduciary duties while managing the Plan.  All three of the lawsuits are also in a similar procedural posture.  The Court finds that the Motions to Consolidate should be granted, because consolidation would save time and resources.  Pursuant to Rule 42 of the Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi, all future filings pertaining to any of these lawsuits should be made in the action with the lowest docket number, which is cause number 1:14cv447.

## III.  Motions to Appoint Interim Lead Counsel

The attorneys who filed the Jones and Cobb lawsuits have each filed Motions to Appoint Interim Lead Counsel, but the attorneys who filed the Lowe lawsuit

have not filed such a motion.

Fed. R. Civ. P. 23(g)(3) authorizes courts to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." The advisory committee's note to Rule 23 explains that designation of interim counsel is particularly appropriate where "there may be rivalry or uncertainty" among counsel. Similarly, the Manual for Complex Litigation provides that designation of interim counsel is helpful where there are a number of overlapping, duplicative, or competing lawsuits. Manual for Complex Litigation (Fourth) § 21.11 (2004). "[D]esignation of interim counsel clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *Id.*

When appointing class counsel, a court must consider:

(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). In addition, a court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B). When multiple applicants apply for the role of interim lead counsel, "the court is to go beyond scrutinizing the adequacy of counsel and make a comparison of the strengths of the various applicants." Fed. R. Civ. P. 23 advisory committee's note.

The Jones plaintiffs ask the Court to appoint James R. Reeves, Jr., of the firm Reeves & Mestayer, as interim lead counsel. Reeves' office is located in Biloxi, Mississippi, and he has practiced in this region for twenty-two years. He was appointed as nationwide class counsel in a national product liability class action pertaining to defective roofing shingles. He was one of seventeen attorneys appointed to the plaintiffs' steering committee in the Chinese-Manufacturers Drywall Products Liability Litigation, which negotiated a settlement worth approximately $900,000,000.00. He was also appointed to serve on the Damages-Economic Models and Property Committee for the Deepwater Horizon Oil Spill Litigation. Reeves was involved in multi-district product liability litigation concerning Firestone tire tread separation, product liability litigation concerning toxic roofing materials, and mass tort product liability litigation pertaining to welding rods.

The Cobb plaintiffs seek appointment of the firm Branstetter, Stranch & Jennings PLLC as interim lead class counsel and the Law Offices of Dustin N. Thomas as interim liaison counsel.[2] The offices of the Branstetter firm are located in Nashville, Tennessee, and Thomas's office is located in Pascagoula, Mississippi. The Branstetter firm represents the plaintiffs as lead counsel in a pending lawsuit

---

[2] Liaison counsel is typically "[c]harged with essentially administrative matters, such as communications between the court and other counsel . . ., convening meetings of counsel, advising parties of developments, and otherwise assisting in the coordination of activities and positions." Manual for Complex Litigation (Fourth) § 10.2 (2004). The offices of liaison counsel are typically located near the court. *Id.*

challenging benefit cuts made to a retirement plan, *Duncan v. Tennessee Valley Authority Retirement System*, No. 3:10cv217 (M.D. Tenn.). Branstetter has represented at least fifty plans regulated by ERISA. The firm has been involved in seven class action lawsuits related to retirement plans that led to either a favorable settlement or a jury verdict. In most of those cases, Branstetter served as either lead counsel or co-lead counsel. The firm also lists numerous other class action lawsuits in which it has achieved positive results for its clients.

The Court finds that both Reeves and the Branstetter firm are qualified and capable to serve as lead counsel in this consolidated action. They have clearly done a significant amount of work and research preparing the claims presented in their respective lawsuits. Furthermore, the Court finds that both the Reeves and Branstetter firms have the resources and knowledge necessary to handle this case, given their firms' resumes and the staff that each firm has been utilizing in this case thus far. While the Branstetter firm as a whole has more experience than Reeves handling class actions related to retirement plans, only one attorney from the Branstetter firm has appeared and been granted permission to appear pro hac vice before this Court in this action. The Court is aware that it is permissible to appoint an entire firm as lead counsel, but in this case, the Court is concerned about appointing an out-of-state firm to serve in this role. The Court finds that a single, local attorney would be better suited to serve in the capacity of lead counsel, since he would be more readily accessible to the Court and the putative class. Furthermore, Reeves has demonstrated through this case that he is capable of

prosecuting the current action.  Specifically, the Court has noted Reeves' ability to negotiate effectively with counsel for the defendants to the benefit of the putative class.  For example, Reeves negotiated a ninety-day stay to prevent termination of the Plan at issue.  (Agreed Order, ECF No. 21).  Reeves also worked with counsel for the defendants to jointly seek appointment of a special master and mediator for the Jones action.  Finally, the Court finds that appointment of co-lead counsel would lead to disputes as well as a lack of cohesion in strategy, based on the memoranda submitted in support of the present Motions.  After considering all of these factors, the Court finds that Reeves should be appointed to serve as interim lead counsel until further order of this Court.

## CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Stay filed by the Jones plaintiffs should be denied.  The Court further finds that the Jones, Cobb, and Lowe putative class actions should be consolidated, and James R. Reeves, Jr., should be appointed as interim lead counsel.  The Motion to appoint the Branstetter firm as lead counsel and the Thomas firm as liaison counsel is denied.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion for a Stay of Claims [44] filed by the Jones plaintiffs is **DENIED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Consolidate Actions and Appoint James R. Reeves, Jr., as Interim Lead Counsel [44] filed by the Jones plaintiffs is **GRANTED**.  The following lawsuits are hereby consolidated: *Jones, et al. v. Singing River Health Services Foundation, et al.*, cause

number 1:14cv447-LG-RHW; *Cobb, et al. v. Singing River Health System, et al.*, cause number 1:15cv1-LG-RHW, and *Lowe v. Singing River Health System, et al.*, cause number 1:15cv44-LG-RHW.  The three lawsuits are consolidated for all purposes, including mediation.  All future filings should be docketed in cause number 1:14cv447.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Consolidate Actions [46] filed by the Cobb plaintiffs in cause number 1:14cv447, and the Motion to Consolidate Actions [22] filed by the Cobb plaintiffs in cause number 1:15cv1 are **GRANTED**, but the Motion to Appoint Branstetter, Stranch & Jennings, PLLC, as Interim Lead Counsel and the Law Offices of Dustin Thomas as Interim Liaison Counsel [46] filed by the Cobb plaintiffs in cause number 1:14cv447 and the Motion to Appoint Branstetter and Thomas [22] that was filed by the Cobb plaintiffs in cause number 1:15cv1 are **DENIED**.

**SO ORDERED AND ADJUDGED** this the 5th day of June, 2015.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
Chief United States District Judge