IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, JOSEPH CHARLES LOHFINK, SUE BEAVERS, RODOLFOA REL, and HAZEL REED THOMAS, on behalf of themselves and other similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:14CV447-LG-RHW |
| SINGING RIVER HEALTH SERVICES FOUNDATION, et al. | DEFENDANTS |

*AND*

| | |
|---|---|
| REGINA COBB, SUSAN CREEL, and PHYLLIS DENMARK, on behalf of themselves and others similarly situated | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV1-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

*AND*

| | |
|---|---|
| MARTHA EZELL LOWE, individually and on behalf of a class of similarly situated employees | PLAINTIFFS |
| v. | CAUSE NO. 1:15CV44-LG-RHW |
| SINGING RIVER HEALTH SYSTEM, et al. | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER CONCERNING
KPMG'S MOTIONS TO COMPEL ARBITRATION**

**BEFORE THE COURT** are the Motion to Compel Arbitration and Stay

Proceedings Pending Arbitration, or in the alternative to Dismiss Plaintiffs' Claims

[154] that was filed by KPMG LLP in the Jones action, cause number 1:14cv447-

LG-RHW[1], and the Motion to Compel Arbitration and Stay Proceedings Pending Arbitration, or in the alternative to Dismiss Plaintiff's Claims [29] filed by KPMG LLP in the Lowe action, cause number 1:15cv44-LG-RHW.  The Motions have been fully briefed by the parties.  After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Compel Arbitration and for a stay should be granted as to the Jones lawsuit and denied as to the Lowe lawsuit.  The request for dismissal of the Jones plaintiffs' claims against KPMG is also denied.

## I.  BACKGROUND

These three putative class actions – Jones, Cobb, and Lowe – arose out of the alleged under-funding of the Singing River Health System Employees' Retirement Plan and Trust.  The Jones plaintiffs and Martha Ezell Lowe have sued KPMG, the company that audited the annual financial statements of Singing River Health Services (SRHS) and the Plan.[2]

### A.  THE JONES ACTION

In their Second Amended Complaint, the Jones plaintiffs assert that KPMG's audits "expressed opinions regarding the funding policy of the [P]lan, the annual

---

[1] KPMG originally filed its Motion to Compel Arbitration in the Jones action on March 27, 2015, but the Motion was refiled after the Jones plaintiffs amended their complaint.  The Court has reviewed the briefs related to the original Motion [89] to reach its decision.

[2] The Cobb plaintiffs did not sue KPMG.  Therefore, it is not necessary to address the Cobb action in this opinion.

pension costs and net pension liability, trend information, and that the Plan was

adequately funded when it was not." (3d Am. Compl. at 13, ECF No. 151, Cause

No. 1:14cv447-LG-RHW). They claim:

> KPMG's misstatement of the true financial situation relating to the
> Plan was the result of an ongoing conspiracy between the Defendants
> to suppress the true financial picture of the Plan and the hospital.
> Alternatively, the failure to disclose the true financial situation
> relating to the underfunded liability was the result of negligence in the
> performance of the audit.

(*Id.*) The Jones plaintiffs note that KPMG and SRHS entered into engagement

letters that required KPMG to perform its accounting duties in accordance with

Generally Accepted Auditing Standards ("GAAS"), Generally Accepted Government

Auditing Standards ("GAGAS"), and Generally Accepted Accounting Principles

("GAAP"). (*Id.*) According to the Third Amended Complaint, KPMG issued audit

reports that did not comply with those standards. (*Id.* at 14, 52-53). The Jones

plaintiffs have filed the following claims against KPMG: breach of fiduciary duty,

Section 1983 conspiracy, negligence and professional malpractice, and fraud,

fraudulent misrepresentation, and deceit.

## B.  THE LOWE ACTION

In her Complaint, Lowe alleges that KPMG was either aware of the fact that

SRHS had stopped contributing to the Plan, or in the alternative, it recklessly

disregarded the fact that SRHS had stopped contributing to the Plan. (Lowe

Compl. at 5, ECF No. 1, Cause No. 1:15cv44-LG-RHW). Lowe also claims that

KPMG provided consulting services related to the $70 million purchase of a new

electronic record retention system that allegedly contributed to SRHS's inability to fund the Plan. (*Id.* at 6). She further alleges that KPMG either knowingly participated in or aided and abetted a breach of fiduciary duty. (*Id.* at 14). In support of this claim, she asserts:

> The Defendant KPMG knew or should have known that the Defendant SRHS had defaulted on its pension contributions since 2009. In its audits of SRHS (which included auditing the Plan) for both fiscal years 2010 and 2011, Defendant KPMG allowed or did not correct statements that attributed the Trust's under-funding to returns on investments and changed actuarial assumptions. Defendant KPMG knew or should have known that these statements were misleading.

(*Id.*)

## C. KPMG'S MOTIONS TO COMPEL ARBITRATION

KPMG argues that these claims must be submitted to binding arbitration pursuant to the Dispute Resolution clause contained in an attachment to engagement letters entered into by KPMG and SRHS. The clause attached to the April 23, 2008 engagement letter provides:

> Any dispute or claim arising out of or relating to this Engagement Letter or the services provided hereunder, or any other audit or attest services provided by or on behalf of KPMG or any of its subcontractors or agents to [SRHS] or at its request, shall be submitted . . . to binding arbitration in accordance with the Rules for Non-Administered Arbitration of the International Institute for Conflict Prevention and Resolution then in effect ("CPR Arbitration Rules"). Any issue concerning the extent to which any dispute is subject to arbitration, or any dispute concerning the applicability, interpretation, or enforceability of these dispute resolution procedures, including any contention that all or part of these procedures is invalid or unenforceable, shall be governed by the Federal Arbitration Act and resolved by the arbitrators. By operation of this provision, the parties agree to forego litigation over such disputes in any court of competent jurisdiction.

(Affidavit of Ashley Willson, Ex. A, ECF No. 89-1, Cause No. 1:14cv447-LG-RHW).

The March 31, 2009 engagement letter contains the same language. (*Id.* at Ex. B).

The 2010, 2011, and 2012 letters incorporate the arbitration clause in the 2009

engagement letter by reference. (*Id.* at Ex. C, Ex. D, and Ex. E).

## II.  DISCUSSION

After KPMG filed the present Motions to Compel Arbitration, this Court

entered a Memorandum Opinion and Order [106] consolidating the three putative

class actions.  Consolidation "does not merge suits into a single cause, or change the

rights of the parties, or make those who are parties in one suit parties in another."

*In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997).  Therefore, this Court must

consider the Motions filed in the Jones and Lowe lawsuits separately.

## A.  THE MOTION TO COMPEL ARBITRATION FILED IN THE JONES ACTION

The Court must first determine whether the arbitration clause is otherwise

enforceable.[3]  "To determine whether the parties agreed to arbitrate this dispute, we

ask two questions: (1) is there a valid agreement to arbitrate the claims and (2) does

the dispute in question fall within the scope of that arbitration agreement." *Sharpe*

*v. AmeriPlan Corp.*, 769 F.3d 909, 914 (5th Cir. 2014).  Courts also "consider

whether any federal statute or policy renders the claims non-arbitrable." *Will-Drill*

---

[3] The Court recognizes that the engagement letters at issue contain
delegation clauses providing that an arbitrator should address gateway questions of
arbitrability; however, KPMG has voluntarily submitted this issue to this Court.
*See Rent-a-Center, West, Inc. v. Jackson*, 561 U.S. 63, 68 (2010).

*Res., Inc. v. Samson Res. Co.*, 352 F.3d 211, 214 (5th Cir. 2003).

Since none of the parties addressed the issue of whether there is a valid agreement to arbitrate, this Court entered an Order [109] requiring the parties to submit supplemental briefs regarding this issue. The Mississippi Constitution provides: "No obligation or liability of . . . any county . . . shall ever be remitted, released or postponed, or in any way diminished by the Legislature, nor shall such liability or obligation be extinguished . . . ." Miss. Const. Art. 4, § 100. The Mississippi Attorney General has opined that this provision of the Constitution prohibits county entities from entering into binding arbitration agreements unless authorized to do so by the Legislature. *See* MS Att'y Gen. Op., No. 2002-0295, 2002 WL 1579650 Clark (June 7, 2002); *see also* MS Att'y Gen. Op., No. 2001-0016, 2001 WL 283630 Austin (Feb. 16, 2001). This Court has previously held that Miss. Code Ann. § 41-13-35(5) impliedly authorizes community hospitals to enter into arbitration agreements. *See Hancock Med. Ctr. v. Quorum Health Res., LLC*, No. 1:14cv55-HSO-RHW, 2015 WL 1387469, at *3-4 (S.D. Miss. Mar. 25, 2015). As a result, the Court finds that SRHS and KPMG entered into a valid arbitration agreement.

The scope of the arbitration agreement is the second consideration. The clause contained in the Engagement Letters at issue is broad in scope, encompassing "any dispute or claim arising out of or relating to" the engagement letters. The Fifth Circuit has explained that "courts distinguish narrow arbitration clauses that only require arbitration of disputes arising out of the contract from

broad arbitration clauses governing disputes that relate to or are connected with the contract." *Pennzoil Exploration & Prod. Co. v. Ramco Energy Ltd.*, 139 F.3d 1061, 1067 (5th Cir. 1998). For broad clauses, it is only necessary that the parties' dispute "touches on" matters covered by the agreement containing the arbitration clause. *Id.* When determining the scope of an arbitration clause, courts must "focus on the factual allegations in the complaint rather than the legal causes of action asserted." *Harrison Cnty. Commercial Lot, LLC v. H. Gordon Myrick, Inc.*, 107 So. 3d 943, 956 (Miss. 2013) (quoting *Waste Mgmt., Inc. v. Residuos Industriales Multiquim, S.A.*, 372 F.3d 339, 344 (¶27) (5th Cir. 2004)).

The Jones plaintiffs' claims fall within the scope of the arbitration clause because their claims rely upon and arise out of the engagement letters, particularly the professional standards required by the letters. Finally, the Jones plaintiffs have not raised and the Court has not found any federal policy or statute, such as unconscionability, that would prevent enforcement of the arbitration clause.

However, the Jones plaintiffs argue that they are not bound by the arbitration clauses, because they did not sign the engagement letters containing the arbitration clauses. KPMG counters that the plaintiffs are bound by the arbitration clauses pursuant to the doctrine of estoppel. The United States Supreme Court has held that the issue of whether a non-signatory is bound by an arbitration clause pursuant to the doctrine of equitable estoppel is governed by state law. *Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630-31 (2009); *see also Crawford Prof'l*

*Drugs, Inc. v. CVS Caremark Corp.*, 748 F.3d 249, 255 (5th Cir. 2014).  The

Mississippi Supreme Court has held that "[e]quitable estoppel is an extraordinary

remedy that should be used with caution."  *Simmons Hous., Inc. v. Shelton ex rel.*

*Shelton*, 36 So. 3d 1283, 1287 (¶15) (Miss. 2010).

> [T]he doctrine [of estoppel] recognizes that a party may be estopped
> from asserting that the lack of his signature on a written contract
> precludes enforcement of the contract's arbitration clause when he has
> consistently maintained that other provisions of the same contract
> should be enforced to benefit him.  To allow [a plaintiff] to claim the
> benefit of the contract and simultaneously avoid its burdens would
> both disregard equity and contravene the purposes underlying
> enactment of the [Federal] Arbitration Act.

*Id.* at 1287-88 (¶16) (quoting *Terminix Int'l, Inc. v. Rice*, 904 So. 2d 1051, 1058

(Miss. 2004)).

In a more recent case, the Mississippi Supreme Court held that "[d]irect-

benefit estoppel involve[s] non-signatories who, during the life of the contract, have

*embraced the contract* despite their non-signatory status, but then, during

litigation, attempt to repudiate the arbitration clause in the contract."  *Scruggs v.*

*Wyatt*, 60 So. 3d 758, 767 (Miss. 2011) (quoting *Noble Drilling Servs., Inc., v. Certex*

*USA, Inc.*, 620 F.3d 469, 473 (5th Cir. 2010) (emphasis added)).  There are two ways

in which a party can embrace a contract: "(1) by knowingly seeking and obtaining

'direct benefits' from that contract; or (2) by seeking to enforce the terms of that

contract or asserting claims that must be determined by reference to that contract."

*Id.* at 768.

The Jones plaintiffs claim that KPMG failed to comply with the standards –

GAAP, GAAS, and GAGAS – imposed by the engagement letters.  (3d Am. Compl. at 13, 53, ECF No. 151, Cause No. 1:14cv447-LG-RHW).  Therefore, the Jones plaintiffs seek to enforce the terms of the engagement letters.  Pursuant to the doctrine of estoppel, the plaintiffs cannot contend that KPMG owed a particular standard of care under the engagement letters while at the same time denying enforcement of the arbitration clause contained in the letters.

Nevertheless, the Jones plaintiffs argue that KPMG should be prevented from invoking equitable estoppel pursuant to the unclean hands doctrine, because KPMG has committed fraud and participated in a conspiracy.  This Court cannot determine whether KPMG committed fraud or participated in a conspiracy without reaching the merits of the plaintiffs' claims.  As a result, the unclean hands doctrine cannot be applied on this basis.  *See Scruggs*, 60 So. 3d at 766 (¶16) ("The courts . . . have no business weighing the merits of a particular claim . . ." while considering arbitration).  The Jones plaintiffs' claims are explicitly based on duties KPMG owed under the engagement letters; thus, the Jones plaintiffs' claims against KPMG must be submitted to arbitration.  Since the Jones plaintiffs also filed claims filed against other defendants that are not subject to arbitration, the Court finds that a stay of the arbitrable claims, as opposed to dismissal, would be most appropriate. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (holding that dismissal of arbitrable claims is only permissible where all of the claims presented in a lawsuit are subject to binding arbitration).  The stay will only apply to the Jones plaintiffs' claims against KPMG.

**B.  THE MOTION TO COMPEL ARBITRATION FILED IN THE LOWE ACTION**

In her Complaint, Lowe merely claims that KPMG's audits contained misleading and incorrect statements that caused or contributed to her damages. She does not seek and has not obtained direct benefits from the engagement letters. Furthermore, she does not ask the Court to enforce the terms of the engagement letters; nor does she assert any claims that would require reference to the engagement letters.  She does not rely on any of the standards imposed by the engagement letters; she merely relies on common law.  In fact, Lowe does not even reference the engagement letters in her Complaint, and she has signed an affidavit stating that she had no knowledge of the engagement letters before she filed this lawsuit.  Lowe "is not required to base [her] claims on the [engagement letters] and can, as [she] has, disclaim any reliance thereupon."  *See Noble Drilling*, 620 F.3d at 474.[4]

Nevertheless, KPMG argues that Lowe's claims are arbitrable, because its audits arose out of the engagement letters.  KPMG has not cited any binding authority that supports its argument that such a tenuous relationship is a sufficient basis for invoking the extraordinary remedy of equitable estoppel; rather all of the cases KPMG relies upon invoked equitable estoppel because the non-signatory specifically mentioned and relied upon the terms of the contract containing the

---

[4] While the *Noble* decision is a federal decision, its reasoning has been adopted by the Mississippi Supreme Court.  *See Scruggs*, 60 So. 3d at 767.

arbitration clause.  *See, e.g., Wash. Mut. Fin. Grp., LLC v. Bailey*, 364 F.3d 260, 267 n.5 & 268 (5th Cir. 2004) (nonsignatory's case hinged on rights arising from her husband's loan transaction that included arbitration clause); *Scruggs*, 60 So. 3d at 770-71 (¶¶ 27-29) (non-signatory sought payment for work he performed pursuant to a joint venture agreement that contained an arbitration clause); *Origen Fin., LLC v. Thompson*, No. 3:07cv318-WHB-LRA, 2007 WL 3407391, at *8 (S.D. Miss. Nov. 15, 2007) (non-signatory sought, inter alia, to recover payments made pursuant to a contract that contained an arbitration clause and was signed by his wife).  As a result, KPMG's Motion to Compel Arbitration must be denied as to the Lowe action.

### III.  CONCLUSION

For the foregoing reasons, the Court finds that the Motion to Compel Arbitration filed by KPMG should be granted as to the Jones lawsuit and denied as to the Lowe lawsuit.  The distinction is that Lowe did not rely on the terms of the engagement letter in any way when asserting her claims against KPMG, while the Jones plaintiffs have explicitly relied on the standards imposed by the engagement letters when asserting their claims.  KPMG's request for dismissal of the Jones plaintiffs' claims is denied, but its request for a stay of the Jones plaintiffs' claims against KPMG is granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Motion to Compel Arbitration and Stay Proceedings Pending Arbitration [154] that was filed by KPMG LLP in the Jones action, cause number 1:14cv447-LG-RHW, is

**GRANTED**.  The Jones plaintiffs' claims filed against KPMG are **STAYED** pending arbitration.

      **IT IS, FURTHER, ORDERED AND ADJUDGED** that the Motion to Dismiss Plaintiffs' Claims [154] that was filed by KPMG LLP in the Jones action, cause number 1:14cv447-LG-RHW, is **DENIED**.

      **IT IS FURTHER, ORDERED AND ADJUDGED** that the Motion to Compel Arbitration and Stay Proceedings Pending Arbitration, or in the alternative to Dismiss Plaintiff's Claims [29] filed by KPMG LLP in the Lowe action, cause number 1:15cv44-LG-RHW, is **DENIED**.

      **SO ORDERED AND ADJUDGED** this the 29th day of March, 2016.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE

-12-