IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

THOMAS JONES, JOSEPH CHARLES LOHFINK,
SUE BEAVERS, RODOLFOA REL, and
HAZEL REED THOMAS, on behalf of themselves
and others similarly situated                                               PLAINTIFFS

and

MARTHA EZELL LOWE, individually and on                          CONSOLIDATED
behalf of a class of similarly situated employees                       PLAINTIFF

v.                                                          CAUSE NO. 1:17CV319-LG-RHW

KPMG LLP and TRANSAMERICA
RETIREMENT SOLUTIONS CORP.                                         DEFENDANTS

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS

BEFORE THE COURT is the [10] Motion to Dismiss filed by Defendant KPMG LLP. The plaintiff Martha Ezell Lowe has responded, and KMPG has replied. After due consideration of the issues presented and the relevant law, it is the Court's opinion that the plaintiff has stated a viable claim against KPMG. Accordingly, the Motion will be denied.

BACKGROUND

This putative class action arose out of the alleged under-funding of the Singing River Health System Employees' Retirement Plan and Trust. Lowe has sued KPMG, the company that audited the annual financial statements of Singing River Health System (SRHS) and the Plan. Lowe alleges that KPMG was either aware of the fact that SRHS had stopped contributing to the Plan, or in the alternative, it recklessly disregarded the fact that SRHS had made no contribution

to the pension plan since 2009.  (Compl. 5, ECF No. 5.)  Plaintiff alleges that despite this knowledge, KPMG's audit report for 2011 attributed SRHS's growing pension liability to "a downturn in investment returns and a change in actuarial assumptions" rather than SRHS's failure to make the required payments to the pension plan.  (*Id*.)  Lowe also alleges that KPMG provided consulting services related to the $70 million purchase of a new electronic record retention system that allegedly contributed to SRHS's inability to fund the Plan.  (*Id*. at 6.)  The sole claim against KPMG is that it "knowingly participated in and/or aided and abetted in a breach of fiduciary duty by the Individual Trustees" in its 2010 and 2011 audit reports by allowing or failing to correct misleading statements that attributed the Trust's under-funding to returns on investments and changed actuarial assumptions.  (*Id*. at 14.)

KPMG challenges the legal sufficiency of this claim, arguing that 1) no Mississippi court has ever recognized a claim of aiding and abetting breach of fiduciary duty; 2) even if there were such a claim, the plaintiff's allegations of KPMG's inaction do not rise to the level of aiding and abetting liability; and 3) in any event, the claim is barred by Mississippi's three-year statute of limitations.

The plaintiff responds that her claim should be construed as an aiding and abetting breach of trust claim, which Mississippi common law recognizes.  She further argues that the applicable limitations period for her claim is one year from her receipt in November 2014 of a memo sent to plan participants, as set out in the Mississippi Uniform Trust Code, Miss. Code Ann. § 91-8-1005(a).

DISCUSSION

A. **The Legal Standard**

When considering a motion to dismiss under Rule 12(b)(6), the Court must accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff. *Bustos v. Martini Club Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Whether this standard has been met is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

B. **Aiding and Abetting**

The parties agree that no Mississippi court has recognized a cause of action for aiding and abetting breach of fiduciary duty. However, a federal district court made an *Erie* guess that if presented with the question, Mississippi courts would find that a claim of aiding and abetting fraud exists. *Dale v. Ala Acquisitions, Inc.*, 203 F. Supp. 2d 694, 700-01 (S.D. Miss. 2002). The court reasoned that 1) Mississippi has held a right of action exists for civil conspiracy, which is a tort set

3

out in the Restatement (Second) of Torts § 876; and 2) a majority of jurisdictions have recognized a claim for aiding and abetting under § 876(b). Following the *Dale* decision, another district court assumed without deciding that Mississippi would recognize the tort of aiding and abetting civil conspiracy under § 876(b). *Fikes v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 815, 822 (N.D. Miss. 2011).

The Restatement provision at issue, § 876(b), concerns giving substantial assistance or encouragement to another's breach of duty.[1] This describes the plaintiff's common law claim, whether it is called aiding and abetting breach of fiduciary duty or aiding and abetting breach of trust. Accordingly, the Court will assume, as in *Dale*, that Mississippi would recognize a cause of action for breach of fiduciary duty under the Restatement (Second) of Torts § 876(b).

## C. The Statute of Limitations

KPMG argues that even if Mississippi would recognize plaintiff's cause of action for aiding and abetting, the claim was brought after the three-year statute of

---

[1] Section 876 of the Restatement provides:

For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he
    (a) does a tortious act in concert with the other or pursuant to a common design with him, or
    (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
    (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

4

limitations expired.[2] The plaintiff filed her Complaint on February 18, 2015. (ECF No. 5.) The allegation against KPMG concerns misleading statements in the 2010 and 2011 audit reports – two discrete events.[3]

> The Defendant KPMG knew or should have known that the Defendant SRHS had defaulted on its pension contributions since 2009. In its audits of SRHS (which included auditing the Plan) for both fiscal years 2010 and 2011, Defendant KPMG allowed or did not correct statements that attributed the Trust's underfunding to returns on investments and changed actuarial assumptions. Defendant KPMG knew or should have known that these statements were misleading.

(Compl. 14, ECF No. 5.)

KPMG argues that the 2010 and 2011 audit reports containing the allegedly misleading statements were public records on file with the hospital and the county as required by Miss. Code Ann. § 41-13-47. The statute requires that these reports be entered on the hospital's minutes and filed with the county board of supervisors on or before the first Monday in March of each year. *Id.* As a matter of law then, the report for 2010 would have been on file on March 7, 2011. As of that date the plaintiff had imputed knowledge of the misleading statements in the 2010 audit report and her cause of action accrued. *See Walton v. Walton*, 52 So. 3d 468, 472

---

[2] The same three-year statute of limitations applicable to a breach of fiduciary duty claim is also applicable to a claim of aiding and abetting breach of fiduciary duty. *See United States v. Rabhan*, 504 F.3d 344, 351 (5th Cir. 2008); *Carter v. Citigroup Inc.*, 938 So. 2d 809, 817 (Miss. 2006).

[3] Although the plaintiff argues that the continuing tort doctrine brings all of her claim within the limitation period, the doctrine does not apply when wrongful acts are "identifiable and distinct," as they are in this case. *Winters v. AmSouth Bank*, 964 So. 2d 595, 600 (Miss. Ct. App. 2007).

(Miss. Ct. App. 2011) (recorded document is public and information within is available to plaintiff). Because almost four years passed between the publication date of the 2010 report and the filing date of plaintiff's lawsuit, the statute of limitations bars Plaintiff's claim to the extent that it is based on misrepresentations in the 2010 audit report, or any earlier report. However, the audit report for 2011 would have been on file as of March 5, 2012. Because the plaintiff's lawsuit was filed within three years of this date, her claim is timely to the extent it is based on misrepresentations in the 2011 report.

The plaintiff's argument that much more recent events triggered accrual of an aiding and abetting breach of trust claim pursuant to the Mississippi Uniform Trust Code is without merit. Mississippi enacted the Uniform Trust Code on July 1, 2014, codifying the common law breach of trust cause of action. *See* Miss. Code Ann. § 91-8-101, *et seq*. Miss. Code Ann. § 91-8-1001(a) provides that "[a] violation by a trustee of a duty the trustee owes to a beneficiary is a breach of trust." The Code creates a cause of action for breach of trust, but it contains no provision creating a cause of action for aiding and abetting breach of trust. The plaintiff does not allege breach of trust against KPMG. Because her cause of action does not arise under the Mississippi Uniform Trust Code, the plaintiff cannot rely on the notice and one-year limitation period provisions of the Code. *See* Miss. Code Ann. § 91-8-1005(a). Even if her claim did arise under the Code, the general three-year statute of limitations continued to apply to breach of trust causes of action that had accrued before July 1, 2014, such as the plaintiff's claim in this case. *See Bailey v. Bailey*,

No. 1:13cv39-DMB-DAS, 2014 WL 4716345, *8 (N.D. Miss. Aug. 19, 2014) (citing Miss. Code Ann. § 91-8-1106).

## D. The Sufficiency Of The Allegations

Having found that a portion of Lowe's claim clears the statute of limitation bar, the Court must address KPMG's final argument – that the allegations do not meet the Federal Rule of Civil Procedure 12(b)(6) standard. KPMG argues that if Mississippi would recognize Lowe's claim under § 876(b) of the Restatement of Torts, then Lowe must show knowledge of the conduct constituting the breach of fiduciary duty and substantial assistance or encouragement to the breaching party in furtherance of the breach.[4] Lowe has alleged that KPMG knew or should have known that SRHS had defaulted on its pension contributions since 2009, and yet it attributed the lack of pension funding to returns on investments and changed actuarial assumptions, and thereby allowed SRHS to continue to conceal the default from beneficiaries. (Am. Compl. 14, ECF No. 5.) These allegations are sufficient to state a claim for aiding and abetting breach of fiduciary duty under § 876(b).

## CONCLUSION

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. The Court assumes that

---

[4] Again, the provision at issue reads: "For harm resulting to a third person from the tortious conduct of another, one is subject to liability if he knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself." Restatement (Second) of Torts § 876(b).

7

Mississippi would recognize a cause of action for aiding and abetting breach of fiduciary duty under Restatement (Second) of Torts § 876(b). Lowe has sufficiently alleged a timely cause of action for aiding and abetting breach of fiduciary duty against KPMG. The Motion to Dismiss will be denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [10] Motion to Dismiss filed by Defendant KPMG LLP is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 16th day of October, 2018.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE