IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, JOSEPH CHARLES LOHFINK, SUE BEAVERS, RODOLFOA REL, and HAZEL REED THOMAS, on behalf of themselves and others similarly situated | PLAINTIFFS |
| and | |
| MARTHA EZELL LOWE, individually and on behalf of a class of similarly situated employees | CONSOLIDATED PLAINTIFF |
| v. | CAUSE NO. 1:17CV319-LG-RHW |
| KPMG, LLP and TRANSAMERICA RETIREMENT SOLUTIONS CORP. | DEFENDANTS |

## ORDER DENYING KPMG'S MOTION TO CERTIFY
## ORDER FOR INTERLOCUTORY APPEAL

**BEFORE THE COURT** is the [26] Motion to Certify Order for Interlocutory Appeal in which the defendant KPMG, LLP, asks the Court to certify its [21] Memorandum Opinion and Order denying KPMG's Motion to Dismiss for interlocutory appeal. The parties have fully briefed the Motion to Certify. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that KPMG's Motion to Certify should be denied.

### BACKGROUND

This putative class action arose out of the alleged under-funding of the Singing River Health System Employees' Retirement Plan and Trust. Lowe has sued KPMG, the company that audited the annual financial statements of Singing River Health System, and the Plan. The sole claim against KPMG is that it "knowingly participated

in and/or aided and abetted in a breach of fiduciary duty by the Individual Trustees" in its 2010 and 2011 audit reports by allowing or failing to correct misleading statements that attributed the Trust's under-funding to returns on investments and changed actuarial assumptions.

KPMG filed a Motion to Dismiss arguing, inter alia, that no Mississippi court has ever recognized a claim of aiding and abetting breach of fiduciary duty. When denying KPMG's Motion, the Court assumed, based on a prior case decided by this Court, that Mississippi state courts would recognize a cause of action for aiding and abetting breach of fiduciary duty under the Restatement (Second) of Torts § 876(b). KPMG filed the present Motion to Certify the Memorandum Opinion and Order denying its Motion to Dismiss, asserting for the first time that the Court erred by creating a new Mississippi state law cause of action.

## DISCUSSION

Permissive interlocutory appeals are governed by 28 U.S.C. § 1292(b), which creates a "narrow exception" to the final judgment rule. *In re Rolls Royce Corp.*, 775 F.3d 671, 676 (5th Cir. 2014). Therefore, an interlocutory appeal "is available only in limited circumstances." *In re Lloyd's Register N. Am., Inc.*, 780 F.3d 283, 288 (5th Cir. 2015).

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b).

KPMG requests certification of the following question: "Was it error for the district court to make an *Erie* guess as to the existence of an aiding and abetting breach of fiduciary duty claim under Mississippi law?" (Def.'s Mem. 2, ECF No. 27.) This question is a controlling question of law.

The Court must next determine whether there is a substantial ground for difference of opinion as to this question of law. KPMG cites *In re DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 888 F.3d 753, 781-82 (5th Cir. 2018), for the proposition that, "When sitting in diversity, a federal court exceeds the bounds of its legitimacy in fashioning novel causes of action not yet recognized by the state courts." However, the plaintiff, Martha Ezell Lowe, has identified a case in which the Mississippi Supreme Court has recognized a cause of action for aiding and abetting breach of fiduciary duty. *See Knox Glass Bottle Co. v. Underwood*, 89 So. 2d 799, 820-24 (Miss. 1956). In *Knox*, a corporation sued several individuals, including former corporate officer C. Alberta Luter, seeking to recover profits that the individuals obtained by leasing trucks to the corporation. KPMG claims that the *Knox* decision did not actually create a cause of action for aiding and abetting breach of fiduciary duty, but the following excerpt of the opinion belies KPMG's assertion:

> [T]he Court holds, that Miss Luter actively participated and joined C.R. Underwood, with actual knowledge of the breach of his fiduciary duties, in obtaining profits by truck rentals from complainant corporation, and that she is liable for the net profits received by her from the truck rentals on and after January 1, 1952. All of these and other circumstances render it manifest that C. R. Underwood and Luter were close personal friends and business associates, and that she knowingly participated with him and E. F. and J. H. Underwood in the breach of their fiduciary duties to the corporation, by the continuance in effect of the leases by her to the corporation after Roy's death. She comes clearly within *the universally accepted rule that one who participates with a fiduciary in a breach of his*

*duties, with knowledge that he is violating his obligations, is liable for the profits received thereby from the corporation.*

*Id.* at 824 (emphasis added).

Furthermore, this Court previously predicted that the Mississippi state courts would recognize a cause of action for aiding and abetting. *See Dale v. Ala Acquisitions, Inc.*, 203 F. Supp. 2d 694, 700-01 (S.D. Miss. 2002). As a result, there are no conflicting opinions concerning whether a cause of action for aiding and abetting breach of fiduciary duty should be recognized under Mississippi law.

## CONCLUSION

For the foregoing reasons, KPMG's request for certification of this Court's [21] Memorandum Opinion and Order denying KPMG's Motion to Dismiss for interlocutory appeal is denied, because there is no substantial ground for difference of opinion as to whether this Court erred in recognizing a cause of action for aiding and abetting breach of fiduciary duty. KPMG's request for a stay of discovery pending interlocutory appeal is also denied as moot on this same basis.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [26] Motion to Certify Order for Interlocutory Appeal is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 27th day of December, 2018.

s/ *Louis Guirola, Jr.*
Louis Guirola, Jr.
United States District Judge