IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS JONES, JOSEPH CHARLES LOHFINK, SUE BEAVERS, RODOLFOA REL, and HAZEL REED THOMAS, on behalf of themselves and others similarly situated | PLAINTIFFS |
| and | |
| MARTHA EZELL LOWE, individually and on behalf of a class of similarly situated employees | CONSOLIDATED PLAINTIFF |
| v. | CAUSE NO. 1:17CV319-LG-RHW |
| KPMG LLP and TRANSAMERICA RETIREMENT SOLUTIONS CORPORATION | DEFENDANTS |

## MEMORANDUM OPINION AND ORDER
## GRANTING KPMG LLP'S MOTION TO DISMISS

**BEFORE THE COURT** is the [41] Motion to Dismiss filed by the defendant KPMG LLP. The parties have fully briefed the Motion. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that the Motion to Dismiss should be granted.

### BACKGROUND

The claims presented here were originally filed in two separate putative class action lawsuits seeking relief as a result of the underfunding of the Singing River Health System Employees' Retirement Plan and Trust ("the Plan") — *Jones, et al. v. Singing River Health System, et al.*, 1:14cv447-LG-RHW, and *Lowe v. Singing River Health System, et al.*, 1:15cv44-LG-RHW. In the interest of judicial economy, the

Court entered an [1] Order severing the claims presented by the *Jones* plaintiffs against Transamerica Retirement Solutions Corporation and Lowe's claims against KPMG and Transamerica from claims against Singing River Health System and the Plan's trustees.[1] The Court consolidated the Jones and Lowe plaintiffs' claims against KPMG and Transamerica under a new cause number, 1:17cv319-LG-RHW.

Lowe alleges that KPMG, the company that audited the annual financial statements of Singing River Health System (SRHS) and the Plan, either knew or should have known that SRHS had defaulted on its contributions to the Plan since 2009. She asserts that KPMG "allowed or did not correct statements that attributed the Trust's underfunding to returns on investments and changed actuarial assumptions." (Compl. 14, ECF No. 5.) She attempts to assert a breach of fiduciary duty and/or aiding and abetting breach of fiduciary duty claim against KPMG. KPMG filed the present Motion to Dismiss for Lack of Subject Matter Jurisdiction, alleging, inter alia, that Lowe lacks standing to pursue this lawsuit against KPMG because a special fiduciary now has exclusive authority to file claims on behalf of the Plan.

## DISCUSSION

The Fifth Circuit has explained:

To have Article III standing, a plaintiff must show an injury in fact
that is fairly traceable to the challenged action of the defendant and
likely to be redressed by the plaintiff's requested relief. Courts have
divided this rule into three components: injury in fact, causation, and

---

[1] The Jones plaintiffs had previously filed a [7] Notice voluntarily dismissing their claims against KPMG, but they expressed a desire to remain members of the putative class in the Lowe case.

> redressability. The party seeking to invoke federal jurisdiction, in this case the Plaintiffs, bears the burden of establishing all three elements.

*Stringer v. Whitley*, 942 F.3d 715, 720 (5th Cir. 2019). As with standing, mootness implicates the Article III case-or-controversy requirement and is thus a jurisdictional matter. *United States v. Heredia-Holguin*, 823 F.3d 337, 340 (5th Cir. 2016) (en banc). "A case becomes moot when '[t]he requisite personal interest that must exist at the commencement of the litigation' ceases to exist because 'interim relief or events have completely and irrevocably eradicated the effects of the alleged violation.'" *Stringer v. Whitley*, 942 F.3d 715, 724 (5th Cir. 2019) (quoting *Renne v. Geary*, 501 U.S. 312, 320 (1991)).

The parties appear to agree that the question of standing or mootness in this case is governed by trust law. Since Lowe is a beneficiary to the trust at issue and KPMG is a third party, Lowe may only maintain a lawsuit against KPMG if (a) she "is in possession, or entitled to immediate distribution, of the trust property involved; or (b) the trustee is unable, unavailable, unsuitable, or improperly failing to protect the beneficiary's interest." *See* Restatement (Third) of Trusts § 107 (2012); *see also* Miss. Code Ann. § 91-8-811 ("A trustee shall take reasonable steps to enforce claims of the trust [but a] trustee may abandon or assign any claim that it believes is unreasonable to enforce to one or more of the beneficiaries of the trust holding the claim.")

Lowe argues that she has standing to pursue this lawsuit because she alleged in her Complaint that the Plan's trustees breached their fiduciary duties. However, as KPMG correctly notes, Lowe's claims against those former trustees have been

settled, and a special fiduciary was appointed to oversee the Plan. The special fiduciary has apparently not abandoned her duty to file lawsuits on behalf of the Plan as she has filed a lawsuit against KPMG in state court. The appointment of a special fiduciary has mooted Lowe's claims against KPMG, because only the special fiduciary has authority to maintain lawsuits on behalf of the Plan and Lowe is not entitled to immediate distribution of the trust property. As a result, KPMG's Motion to Dismiss for Lack of Jurisdiction must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the [41] Motion to Dismiss filed by the defendant KPMG LLP is **GRANTED**. The claims filed against KPMG LLP by Martha Ezell Lowe, individually and on behalf of a class of similarly situated employees, are hereby **DISMISSED WITHOUT PREJUDICE FOR LACK OF JURISDICTION**.

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2019.

s/ *Louis Guirola, Jr.*<br>LOUIS GUIROLA, JR.<br>UNITED STATES DISTRICT JUDGE